OPINION
Plaintiff-appellant Evonna M. Reier appeals from an order of the trial court holding her in contempt and ordering her incarcerated in Darke County Jail. Ms. Reier contends that the trial court abused its discretion in finding her in contempt, because she was not in violation of the trial court's visitation order. She further contends that the trial court erred by ordering her incarcerated indefinitely.
We conclude that when the evidence in the record is construed in the light most favorable to defendant-appellee Marvin D. Reier, the trial court could have found that Ms. Reier was in violation of the trial court's visitation order, and that it was not an abuse of discretion, under the circumstances, to hold her in contempt and order her incarceration. However, we agree with Ms. Reier that the trial court's order of incarceration did not specify a definite term, and that this was error. Accordingly, the judgment of the trial court is Reversed, and this cause isRemanded for entry of an order of incarceration specifying an appropriate term.
 I
The litigation between the Reiers began in March, 1990 with Ms. Reier filing a complaint for alimony only. On July 18, 1990, the trial court entered an order awarding custody of the minor children of the parties to Ms. Reier, and awarding visitation to Mr. Reier. In 1991, Ms. Reier sought a divorce, which was granted. The divorce decree "confirmed" the provisions in the July 18, 1990 order pertaining to child custody. The transcript of docket entries in this case contains 200 numbered entries. It appears that this case is hardly a model for cooperation between estranged parents.
Pursuant to the order of visitation, Mr. Reier was to have visitation for the Martin Luther King holiday weekend beginning Friday, January 15, 1999. The standard order of visitation contained the following paragraph:
 2. There will be times when visitation must be adjusted for the accommodation or illness of either parent or child. If the custodial parent initiates an adjustment, he/she shall inform the noncustodial parent at the earliest possible time and shall offer an equivalent amount of time to replace the adjusted visitation. * * *.
On or about December 22, 1998, Ms. Reier notified Mr. Reier, in a written notice that was both mailed to him and delivered through Derrick, their minor child, that she would be taking the minor children on a family vacation, and would be out of town with them on the weekend of January 15, 1999. She purported to offer Mr. Reier an alternate weekend for makeup visitation.
Mr. Reier responded to Ms. Reier's notice with a written letter expressing his rejection of the proposed adjustment to the standard order of visitation. Nevertheless, Ms. Reier took the children with her, thereby precluding visitation with their father. Mr. Reier moved for an order holding Ms. Reier in contempt for interfering with his visitation.
Mr. Reier's contempt motion, along with a two-branch motion for contempt filed by Ms. Reier, was heard before a magistrate on March 12, 1999.
The magistrate found both parties in contempt, and ordered them both to appear before Judge Jonathan Hein, for imposition of sentence.
Ms. Reier filed an "Appeal of Magistrate's Decision." The trial court, in the person of the Honorable Judson L. Shattuck, Jr., sitting by assignment for Judge Hein, treated Ms. Reier's filing as objections to the magistrate's Decision and Order, overruled her objections, and adopted the magistrate's decision and order as the order of the court. The final sentence of the trial court's order, which was filed on May 5, 1999, is as follows:
 Therefore, the Magistrate's Decision and Order is ADOPTED and APPROVED by the Court and made a FINAL APPEALABLE ORDER.
From this order, Ms. Reier appeals.
 II
Ms. Reier's First Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THE PLAINTIFF IN CONTEMPT OF COURT FOR DENIAL OF VISITATION.
Ms. Reier relies upon that part of the standard order of visitation, quoted in Part I above, that permits a custodial parent to "initiate" an adjustment to the regular order of visitation by informing the noncustodial parent at "the earliest time," and by offering an equivalent amount of time to replace the adjusted visitation. Ms. Reier contends that this provision gave her the unilateral right to demand that the standard order of visitation be adjusted by substituting one of Mr. Reier's weekend visitations for one of hers, with an offer of makeup visitation.
We have some problems with Ms. Reier's interpretation of this provision. The sentence following the sentence upon which she relies establishes a complementary right, on the part of the noncustodial parent, to initiate an adjustment, by informing the custodial parent at the earliest possible time and "suggesting" an equivalent amount of visitation. Under Ms. Reier's construction of this provision, each party would have the right to demand an adjustment. In other words, Ms. Reier could demand an adjustment swapping weekends, and then Mr. Reier could demand an adjustment swapping those weekends right back. This seems to us to be a silly interpretation of the provision.
Nevertheless, even if the provision could be interpreted as Ms. Reier suggests, her initiation of an adjustment is conditioned upon her offering an equivalent amount of time to replace the adjusted visitation. There is evidence in this record from which the trial court could have found that her purported offer of makeup visitation was pretextual. Specifically, Mr. Reier testified that he had been denied visitation some 132 times while the visitation order was in effect. Ms. Reier contested this fact, but the factfinder could have found Mr. Reier to be more credible in this respect. Furthermore, Linda Reier, Mr. Reier's new wife, testified that in the year and a half that she had been married to Mr. Reier, Ms. Reier had offered makeup visitation on several occasions, and on every one of these occasions, when she and Mr. Reier went to pick up the children, they were not allowed visitation. Again, this fact was disputed, but the factfinder could have found Linda Reier to be the more credible witness. Based upon these facts, the trial court could have found that Ms. Reier's offer of makeup visitation was pretextual, and that it was reasonable for Mr. Reier to have discounted it.
Accordingly, even under the construction of the visitation order that Ms. Reier urges, we are not persuaded that she had the right to deny Mr. Reier his weekend visitation. Therefore, we conclude that the trial court did not abuse its discretion in finding Ms. Reier in contempt.
Ms. Reier's First Assignment of Error is overruled.
 III
Ms. Reier's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN SENTENCING THE PLAINTIFF TO SERVE AN INDEFINITE PERIOD OF INCARCERATION.
 Mr. Reier did not file a brief. The record is not clear regarding final action on the contempt sanction. The magistrate's Decision and Order appears to contemplate that Ms. Reier would appear before the trial judge, who would then impose sentence. That part of the magistrate's decision and order is worth quoting in full. It is as follows:
 BOTH PARTIES ARE ORDERED to appear before the Honorable Judge Hein, for imposition of sentence on the 23rd day of April, 1999 at 3:00 o'clock P.M. at which time the sentence contained herein shall be imposed.
The trial court, in the person of Judge Shattuck, sitting for Judge Hein, overruled Ms. Reier's objections to the magistrate's decision and order, adopted that order as the order of the court, and "made" it a final appealable order.
From this record, it is not clear whether a sentence of incarceration has yet been imposed. The decision and order of the magistrate is somewhat ambiguous in this regard, but it does provide that "the sentence contained herein shall be imposed." That order was adopted as the order of the trial court.
What is clear is that the record does not contain any specification of a term of incarceration. Ms. Reier's contempt citation is punitive, or criminal, rather than coercive, or civil. The sanction is not conditioned upon Ms. Reier's complying with orders of the court. To the contrary, it is imposed as a punishment for her previous, completed, failure to comply with an order of the court.
We agree with Ms. Reier that a punitive contempt citation cannot be made indefinite. Indeed, she directs our attention to R.C. 2705.05(A) (2), which provides for a definite term of imprisonment of not more than 60 days in jail for a second offense. It appears, from our review of the transcript in this case, that Ms. Reier was previously held in contempt, on at least one occasion, for interfering with Mr. Reier's visitation. Because we can find no specification in this record of a definite term of incarceration, we agree with Ms. Reier that the judgment of the trial court must be Reversed, and the cause must be Remanded to the trial court for imposition of a term of incarceration of definite duration.
Ms. Reier's Second Assignment of Error is sustained.
 III
Ms. Reier's Second Assignment having been sustained, and her First Assignment of Error having been overruled, the judgment of the trial court is Reversed, and this cause is Remanded for imposition of a contempt sanction in accordance with this opinion.
WOLFF and YOUNG, JJ., concur.